Rev. 3/19

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

Sinister Daevayasnaham God (Kyntrel Jackson) #365949
*Plaintiff's full name and prisoner number*

Plaintiff,

v.                                                      Case No.   3:19-cv-05756-RBL-DWC
                                                        (leave blank – for court staff only)

See attached

_____                        **PRISONER CIVIL RIGHTS**
                                                        **COMPLAINT**

_____
*Defendant's/defendants' full name(s)*

Defendant(s).                        Jury Demand?
                                     ☑ Yes
(If you cannot fit all of the defendants' names       ☐ No
in the space provided, please write "see
attached" in the space above and attach
additional sheets of paper, as necessary, with
the full list of names.  The names listed here
must be identical to those in Section II.  Do not
include addresses here.  **Individuals whose
names are not included in this section will
not be considered defendants in this action.**)

## WARNINGS

1.     Do not use this form if you are challenging the validity of your criminal conviction or
your criminal sentence.  If you are challenging your conviction or sentence, or if you are seeking
restoration of good-time credits that would shorten your sentence, you must file a Petition for
Writ of Habeas Corpus.  If you use this form to challenge your conviction or sentence, you risk
having your claim dismissed.  Separate forms are available for filing a habeas petition.

2.     Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all
remedies in your institution's grievance system that are available to you before filing suit.  This
generally means that you must file a grievance and, if it is denied, appeal it through all available
levels of review.  Your case may be dismissed if you fail to exhaust administrative remedies,
unless the administrative grievance process was not "available" to you within the meaning of the
PLRA.  You are not required to plead or show that you have exhausted your claim in this
complaint.

Defendants (Caption)

Heidi L. Romero, Patrick E. Brady, Leona L. Irving, Barbara F. Bannan, Vance W. Adamire, Ryan A. Pfaff, Steven Sinclair, Casey M. Kaech, Timothy M. Thrasher, Kevin Bowen, Jane/John Does, D. Feist, L. Fletcher, A. Deshev, J. Uglick, J. Smith, Douglas Wayne Carr, John Coulter Dittman, & Timothy Lang

## I. Request

We wish to update the captioned defendants upon the submissions of their full names.

3.    Please review your complaint carefully before filing. If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee. Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4.    Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, may not contain certain information, which must be modified as follows:

| Do not include: | Instead, use: |
|---|---|
| • a full social security number | → the last four digits |
| • a full birth date | → the birth year |
| • the full name of a minor | → the minor's initials |
| • a complete financial account number | → the last four digits |

5.    You may, but do not need to, send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint. Any documents you submit *must relate directly to the claims you raise in this lawsuit.* They will become part of the court record and *will not be returned to you.*

---

## I.    PLAINTIFF INFORMATION

Jackson, Kyntrel T.    Sinister Daevayasnaham God
Name (Last, First, MI)    Aliases/Former Names

355843
Prisoner ID #

~~Washington Corrections Center~~ Stafford Creek Corrections Center
Place of Detention

~~P.O. Box 900~~ 191 Constantine Way
Institutional Address

Aberdeen    98520
~~Shelton~~    WA    ~~98584~~
County, City    State    Zip Code

*Indicate your status:*

☐  Pretrial detainee    ☑  Convicted and sentenced state prisoner
☐  Civilly committed detainee    ☐  Convicted and sentenced federal prisoner
☐  Immigration detainee

## II.    DEFENDANT INFORMATION

*Please list the following information for each defendant.  If the correct information is not provided, it could delay or prevent service of the complaint.  Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1:    Heidi L. Romero
Name (Last, First)

Pyschology Associate
Current Job Title

Clallam Bay Corrections Center
Current Work Address

Clallam Bay          WA          98326
County, City          State          Zip Code

Defendant 2:    Patrick E. Brady
Name (Last, First)

Intelligence & Investigations
Current Job Title

Clallam Bay Corrections Center
Current Work Address

Clallam Bay          WA          98326
County, City          State          Zip Code

Defendant 3:    Leona L. Irving
Name (Last, First)

Counselor
Current Job Title

Clallam Bay Corrections Center
Current Work Address

Clallam Bay          WA          98326
County, City          State          Zip Code

II. Defendants Continued,

4. Barbara F. Bannan

Unit Manager

Clallam Bay Corrections Center

5. Vance W. Adamire

B-Unit Manager

Clallam Bay Corrections Center

6. Ryan A. Pfaff

CS3

D.O.C Headquerters

Olympia WA, 98504

7. Steven Sinclair

Secretary of Prisons

D.O.C Headquerters

Olympia WA, 98504

8. Casey M. Kaech

Secretary Senior

D.O.C Headquerters

Olympia WA, 98504

9. Timothy M. Thrasher

Chair/Associate Superintendant

Stafford Creek Corrections Center

Aberdeen WA, 98520

10. Kevin Bowen

OCML

D.O.C Headquerters

Olympia WA, 98504

11. Jane Doe #1 C. Stone (pg 3 ln 22) also for burden claim

Mailroom Sergent

Clallam Bay Corrections Center

Clallam Bay WA, 98326

12. Jane Doe #2 5. Lohenis (pg 3 line 22) Also for burden claim

Mailroom Officer

Clallam Bay Corrections Center

Clallam Bay WA, 98326

13. John Doe #3 (Page 2 Line 27)

I & I

Clallam Bay Corrections Center

Clallam Bay WA, 98326

14. John/Jane Does #4 (page 3 line 5)

Assistant Attorney General/Legal sides

Western AG's Office P.O Box 40116

Olympia WA, 98504

15. D. Feist

CBCA

D.O.C Headquerters

Olympia WA, 98504

16. L. Fletcher

PS4

D.O.C Headquerters

Olympia WA, 98504

II. Defendants Continued

17. A. Deshev

CMHUS

D.O.C Headquerters

Olympia WA, 98504

18. J. Uglick

AA2

D.O.C Headquerters

Olympia WA, 98504

19. J. Smith

Project Manager

D.O.C Headquerters

Olympia WA, 98504

20. John Doe #5 J. McCollum (pg. 3 L. 22)

C.U.S

Washington State Penitentiary

Walla Walla WA, 99362

21. Douglas Wayne Carr

Assistant Attorney General

West AG's Office, P.O Box 40166

Olympia WA, 98504

22. Timothy Lang

Head Assistant Attorney General

West AG's Office, P.O. Box 40166

Olympia WA, 98504

23. John Coulter Dittman

Assistant Attorney General

Eastern AG's Office

1116 West Riverside Ave, ste. 100

Spokane WA, 99201

24. John/Jane Doe # 6 (pg. 3 Line 5)

Patty Willoughby

Legal Assistant III

Eastern AG's Office

Spokane WA, 99201

25. Jane Doe #7 (Kelli J. Mckinney) pg. 3 Line 5

Paralegal to Dittman

Eastern AG's Office

Spokane WA, 99201

26. John Doe #8 (Clinton Gauthier) pg. 3 at 5

Legal Assistant

West AG's Office, P.O Box 40166

Olympia WA, 98504

27. John Doe #9 (John Thompson) pg. 1 at 23&25

WCC Law Librarian

Washington Corrections Center

P.O Box 900

Shelton WA, 98584

28. John Doe # 10 (J. Scott) pg 3 Line 22

CS3

Washington Corrections Center

### III.    STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count. For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs. For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc. The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you <u>must</u> specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s). <u>If you do not specify the portion of the supporting document(s), the Court may disregard your document(s).</u>*

### <u>COUNT I</u>

*Identify the first right you believe was violated and by whom:*

1.1 ___1st Amendment rights to redress government without retaliation___

*State the <u>facts</u> of your first claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

1.2 ___(See attached)___

Statement of Facts

## I. Preface

1

2    I, Sinister Daevayasnaham God (Kyntrel Jackson) wish
3    to pursue a 42 U.S.C 1983 civil rights complaint in concern to
4    the violations of my 1st Amendment right to redress government
5    without retaliation against Department of Corrections employees
6    under "Color of State Law", Heidi L. Romero, Patrick E. Brady, Leona L.
7    Irving, Barbara F. Bannan, Vance W. Adamire, Ryan A. Pfaff, Steven Sinclair,
8    Casey M. Kaech, Timothy M. Thrasher, Kevin Bowen, D. Feist, L. Fletcher, A.
9    Deshey, Jane/John Does, J. Uglick, J. Smith, & Assistant AG Douglas
10   Carr, John Dittman, & Timothy Lang. The above named violated & or
11   aided the violations of my 1st Amendment right to redress government
12   without retaliation, 14th Amendment right to due process, & 6th Amendment
13   to fair hearing, & the laws of the State of Washington. The disturbance of
14   my rights secured by the 1st, 6th, & 14th amendments were all well known
15   established rights & their intentional hindering violated 18 U.S.C §242
16   "Deprivation of rights under color of state law" & caused a "Private Nuisance"
17   to my life, legal, & private affirs, also their acts to conspire against my
18   rights is violation of 18 U.S.C §241.

## II. Claims

19

20   The defendants transfering me soley over my legal actions
21   against Romero & documenting in my record that my legal actions were
22   a fixation, harassing, & posing a threat to Romero without giving me any
23   notice, hearing, due process, appeal process, & or any form of opportunity
24   to dispute the documented claims against me was unconstitutional, & their
25   unconstitutional acts limited/~~hinder~~ hindered my legal access due to isolation, prolong'd
26   my isolation, & put an undue burden in montary expenses on me to pay for
27   the transfer of my property. Their unconstitional acts against me
28   were atypical & caused me a significant hardship in my daily life,
29   legal activities, mental health, private affairs, & to my financial

LEGAL MAIL

LEGAL MAIL

1    Status.

## III. Statement of Facts

2

3       On February 24th, 2019 I was placed in Clallam Bay
4    Corrections Center's Intensive Management unit on involuntary
5    Status. On March 18th, 2019 I was informed to partake in GIR to be
6    released from IMU, & on May 9th, 2019 I began GIR which is a 1.5 to 3
7    month class (Attachment 1). Thus at the latest I would be released from
8    IMU on August 9th, 2019 to general population. Sadly this didn't happen
9    due to retaliation against me sans due process over my legal actions
10   against Romero.

11       On April 28th, 2019 I began taking legal action against
12   the CBCC pshyology associate Romero pursuant to the Federal Rules
13   of Bankruptcy Procedure by sending her a Notarized & certified
14   "Billing for Damages Notice" & "Affidavit of Billing" which continued to
15   "Notice of Default", "Affidavit of Default", "Notice of Foreclosure" & "Affidavit
16   of Foreclosure" (Attachment 2) in concern to illegal acts against me
17   on April 16th, 2019 by Romero. From April 16th, 2019 to the present date
18   I never spoke with, talked to, looked at, disrespected, & or threatened
19   Romero & even before April 16th, 2019 our contact was limited but
20   respectful. (I wish to point out that my legal bankruptcy case is a seperate
21   claim & is only being used to prove 1st amendment retaliation)

22       After I sent the "Notice of Billing" to Romero, she began
23   to slander my character & retaliate against me by having Bannon &
         & John Doe              on May 9th, 2019
24   Brady pull out my witnesses (Attachment 2) & threaten, intimidate, &
25   tamper with them by telling them they would be charged with extortion for
26   their declarations in support of me. On May 23rd, 2019 Romero had
27   Brady & John Doe pull me out & threaten to infract me for my legal
28   bankruptcy proceedings against Romero unless I stopped. I clearly
29   refused to seize my legal actions under threat as to their actions

LEGAL MAIL

1  were a clear violation of state law R.C.W 43.60.220, R.C.W 9A.72.120, &
2  R.C.W 9A.72.110 (Attachment 3).

3      On June 6th, 2019 a meeting was held against me (I was
4  never notified of this hearing until July 19th, 2019) by Irving, Brady,
5  Bannan, & Romero with input from Carr, Dittman, Lang, & Jane/John Does
6  & submitted to Adamire on June 10th, 2019 where they all decided that
7  my legal actions against Romero were "a threat to the secure
8  operation of CBCC-IMU-F(IMS)" & that I was "fixated on & is harassing
9  a CBCC staff member", "displaying a fixation on a staff", & "fixated on
10  a staff member" (Attachment 4). I was then retaliated against &
11  removed involuntarily from GIR & transfered to Washington
12  Corrections Center on June 12th, 2019 & placed in isolation on hold
13  for 38 days solely because my legal actions.

14      I was not aware of the meetings & decisions made
15  against me in lines 3 to 13 of this page. Thus I was given no notice,
16  hearing, & or opportunity to dispute/appeal/grieve the retaliation
17  against me at all. Their decisions named & documated that I was fixated,
18  a threat & harassing a staff member due to my legal actions & thus
19  transfered me to a differant facility to completely re-start GIR &
20  prolonging my stay in IMU.

21      Finally on July 19th, 2019 it was decided by Pfaff,
22  Kaech, Thrasher, Sinclair, Bowen, Jane & John Does, Feist, Fletcher, Smith,
23  Deshev, Uglick, with input from Carr, Dittman, & Lang that I posed a
24  threat to CBCC over my legal actions. I was denied any form of hearing,
25  due process, or appeal to defend myself against the documented claims
26  that I was fixated on, harassing, & posed a threat to a CBCC staff member
27  over my legal actions.

28      All normal forms of appeal & due process that
29  normal prisoners recieve were denied to me. The grievance process

**LEGAL MAIL**

was denied to me as to D.O.C considers facility transfers a
classification is & non grievable. I had a similar issue in my
grievance 19671601 (Attachment 5) where grievance coordinator
Joni Aiyeku stated "Your housing is a classification decision & can't
be grieved". Yet the Classification appeal process was denied to
me as to I did attempt in good faith to appeal the CFP on July 23rd, 2019
& recieved a responce from CC3 Albertson stating "Offenders can
appeal Custody assignment, NOT facility placement." (Attachment 6).
Although denied I did also continue in good faith to attempt the
appeal process by appealing to Classification & Case management
at HQ. (Attachment 7)

## IV. Arguement

So the defendants in this litigation claimed that
I was Fixated & harassing Romero over my legal actions & thus
posed a threat. They gave me no way to dispute their Claims that
they used to punish me by transfer. In case <u>Brown V. Plaut</u>, 131 F.3d
163 (D.C. Cir. 1997) they state that it is a constitutional violation
for prisons failure to follow fair procedures. It connects to
my case as to not only did the defendants fail to provide me & or
follow fair procedures, they used my legal actions in pretexual
context to transfer me without any procedures.

Courts have ruled in <u>Palmer V. Richards</u>, 364 F.3d 60
(2nd Cir. 2004) that a prisoner held 77 days under aggravated
conditions was harsh & unconstitutional. Similar rulings were made
in <u>Gillis V. Litscher</u>, 468 F.3d 495 (7th Cir. 2006), & <u>Mitchell V. Horn</u>,
318 F.3d 523 (3rd Cir. 2003). It connects to me as to I was
transfered to WCC & put on hold in isolation for 38 days stright
& than held in isolation passed my intented released date of
August 9th, 2019 to present, due to the prolonging the
unconstitutional transfer caused on my stay in IMU.

**LEGAL MAIL**

The court ruled in Abbott V. Latshaw, 164 F.3d 141, 147-48 (3rd Cir. 1998) "[A]n otherwise private person acts under color of state law when engaged in conspiracy with state officals to deprive another of federal rights". This connects to my case as by the AAG Dittman, Carr, Lang, & Jane/John Does being involved, providing input, & finally coming to the mutual understanding with state officals to do the unconstitutional transfer, which is conspiracy.

In cases C11-05629-RBL-KLS Silva V. Mckenna, (9th Cir. 2012) Lexis 67791 & C12-05924-BHS-KLS Silva V. Mckenna, 2013 U.S Dist. Lexis 72049 (9th Cir. 2013) Douglas Carr & Timothy Lang with Rep. John Dittman had legal action taken against them by a prisoner named Matthew G. Silva for unconstitutional transfers due to Silva's legal actions in violation of his 1st Amendment right to redress grievances to government without retaliation. Both cases resulted in them paying in settlement agreement for a stipulated dismissal. These cases relate to my case as to it shows a history of Carr, Dittman, & Lang's involvements to retaliate against prisoners who know the law. Although not mentioned in both the Silva V. Mckenna cases, it also shows Douglas Carr's, Timothy Lang's, & John Dittman's conspiracy with state officals to violate rights on multiple occations.

Courts also stated that defendants bear the burden of proving the availability of an administrative remedy & the immate's failure to exhaust that available remedy (See Albino, 747 3d at 1172 Brown, 422 F.3d at 936-37). This is important to my case as to even though I attempted to exhaust my administrative remedies within, they were made unavailable to me & thus I was unable to exhaust them although attempted in good faith to do so, in (Attachment 6) & (Attachment 7). The plaintiff even filed a grievance on this issue specificly to be sure & on July 30th, 2019 recieved a responce on grievance 13683388 stating "Facility placement is a classification action & is not grievable.". (Attachment 8).

**LEGAL MAIL**

1. Courts ruled in cases Ayers V. Ryan, 152 F.3d 77
2. (2nd Cir. 1998), Taylor V. Rodriguez, 238 F.3d 188 (2nd Cir. 2001),
3. & Hatch V. District of Columbia, 184 F.3d 846 (D.C. Cir. 1999) that
4. there were due process violations when prisoners were
5. disciplined without the chance to get (1) witness testimony (2)
6. have a hearing, & (3) present evidence. These connect to my
7. case as to I was punished for my legal actions that the
8. defendants claim was fixation, harassment, & threatening &
9. disciplined me by transfer. I recieved no hearing, was
10. allowed no witness testimony & denied to present evidence.

11. The Supreme Court held in Wilkinson V. Austin,
12. 545 U.S. 209 (2005) that even in transfers, prisoners need to get
13. a notice & an opportunity to challenge their transfer. This
14. connects to my case as to I was denied both a notice of
15. transfer & an opportunity to challenge the unconstitutional
16. transfer.

17. Courts ruled in Allah V. Seiverling, 229 F.3d 220
18. (3rd Cir. 2000) that a prison cannot transfer prisoners or
19. punish prisoners for complaining or to keep prisoners from
20. filing legal action & that prison officals must not use transfers
21. or segergation to restrict their access to the court. This case
22. relates to mine as to I was transfered for my legal actions
23. "complaining" & they used segregation to restrict my access
24. to the courts as to in isolation I can only get 50 sheets of paper
25. a month for personal & legal with no way to recieve additional legal
26. paper, denied a type writer, & denied to ⊘ be present for legal
27. copies/scans.

28. Courts ruled in Clegget V. Pate, 229 F.Supp. 818
29. (N.D. Ill. 1964) that prisoners cannot be put into administrative[segergation]
30. soley to punish them for filling legal action. In Thaddeu-X V. Blatter,

LEGAL MAIL

1
2
3
4
5
6

175 F.3d 378 (6th Cir.1999) it states a prisoner cannot be transferred to punish them for filing legal action, whether for yourself, or for someone else. These cases relate to mine as to I was put on hold in isolation at WCC soley over punishment for my legal actions. I was also transferred from @ CBCC to WCC to punish me over my legal actions.

7
8
9
10
11
12

The Court ruled in <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981) that a person must have caused or personally participated in causing the constitutional violations. This connects to my case as to all the defendants were directly involved, participated in, & or aided the violations of my constitutional rights.

13

## V. Conclusion

14
15
16
17
18
19
20
21
22
23
24
25
26

Due to all the above claims, statement of facts, & arguements Romero, Brady, Bannan, Irving, Adamire, Pfaff, Sinclair, Kaech, Thrasher, Bowen, Feist, Fletcher, Deshev, Jane/John Doe, Uglick, Smith, Carr, Dittman, & Lang violated my 1st Amendment right to redress government without retaliation, 6th Amendment right to a fair hearing, 14th Amendment right to due process, & State law R.C.W 49.60.030 "Freedom from discrimination - Declaration of Civil Rights." Their disturbance of my rights secured by 1st, 6th, & 14th Amendment & violations of R.C.W 49.60.220 "Unfair practice to aid violation" & 18 u.s.c § 241 "Conspire against rights" all contributed to both a private nuisance & nuisance under R.C.W 7.48.120, deprivation of rights under the color of state law & showed dileberate indifferance & negligence to my constitutional rights.

27
28

Thus my well known & established rights were violated with wrongful intentions/motives & I thus respectfully move

**LEGAL MAIL**

1  to name Heidi L. Romero, Patrick E. Brady, Leona L. Irving, Barbara F.
2  Bannan, Vance W. Adamire, Ryan A. Pfaff, Steven Sinclair, Casey M. Kaech,
3  Timothy M. Thrasher, Kevin Bowen, D. Feist, L. Fletcher, A. Deshev, Jane/
4  John Does, J. Uglich, J. Smith, Douglas Wayne Carr, John Coulter
5  Dittman, & Timothy Lang as defendants in this matter.

## VI. Additional Claims

7       Pursuant to Rule 15 (d) of the Federal Rules of Civil
8  Procedure, I wish to retain the right to amend this complaint
9  upon the reciept of new evidence directly related to the underlining
10 claims of this litigation.

Attachment    1

GIR time schedule - 1 page

# CBCC IMU PROGRAMS

| | (ITP) Intensive Transition Program | (CBCP) Cognitive Behavioral Change Program | (MRT) Moral Recognition Therapy | (GIR) Getting It Right |
|---|---|---|---|---|
| | Up to 10 Months (3 Phases) | 3 Months | 3 Months | 1.5 to 3 Months |
| | ITP is a program developed to target offenders that have been assigned Max Custody numerous or extended periods. ITP has three stages. First stage begins in the IMU, second stage transitions into a unit where offenders interact with each other, third stage prepares offenders for release into a general population setting. At each level they receive sequenced interactive classes oriented toward breaking counterproductive cycles. | CBCP is a therapeutic class that helps offenders learn more about themselves, their thoughts, feelings and behaviors and how they interact with each other. The program goal is to enable offenders to recognize negative thoughts, how they resulted with the offender being housed in IMU and how to make better decisions and choices. | MRT is an EBP that guides the participant in the discovery of personal, social, spiritual, and relational goals. MRT guides the participant in development of short, medium and long term goals. Graduates can leave the program with a tangible path and hope for a different future. | GIR is a CBT (Cognitive Behavior Therapy) interactive journaling program. The program is divided in to six sections and adaptable to the offender's circumstances. Program addresses thinking errors to life management to community involvement. |
| | • Maximum Custody<br>• Level 3 or Higher<br>• Desire to change.<br>• No involvement with STG during the program.<br>• No significant MH disabilities.<br>• Several prior Max Custody assignments preferred. | • Maximum Custody<br>• Level 3 or Higher<br>• Approval by MH facilitator. | • Maximum Custody<br>• Level 3 or Higher<br>• Capacity to learn and apply information.<br>• Advance through the levels while participating in the program. | • Maximum Custody<br>• Level 3 or Higher<br>• Demonstrated capacity to learn. |

• Education available: Adult Basic Education, GED, Transitional Studies including pre-college math, English and reading.

Attachment 2

Legal action against Romero- 19 pages

<u>Billing for Damages Notice</u>

Mrs. Heidi Romero,                         April 28th, 2019

       This notice of Billing invoice is being presented
to you, as to you have illegally & criminally damaged me
in your failure to intercede in stopping an assault against me,
your harassment, discrimination, & verbal abuse. Thus I am billing
your personal & you individually for the damages you have
caused me to suffer as accordingly.

1. On April 16th, 2019 around noon I was being assaulted
by a Department of Corrections officer at CBCC in F-Unit
to the point where I felt suicidal. I notified my attacker that
I felt suicidal & he informed you. as to you are the
Mental health professinal for E & F-Unit. I informed you
that I was suicidal due to continuace assault by the
officer in the booth. You were then on notice & had
knowledge of me being assaulted & failed to prevent & or
stop the assault. Instead you began to harass me & told me
that even though your mental health that you don't deal
with mental health issues. I continued to tell you that I
felt suicidal & needed help. You told me to deal with my
own problems & that the officer who knew you was assaulting
me would be working for 16 hours. I asked you if you were
knowingly going to allow the officer to assault me for
16 hours stright & you responded "Yes". I then told you
that I would bill you for your abuse as to as I am in
State confinement under your care you knowing
allowed me to continuously be assaulted in your
care. You then became physically mad towards me &
started harassing me for being suicidal & encouragin
me to committe suicide. You then talked about my
active lawsuit & PREA investigation (about me being
repeatedly sexually assaulted by an officer named
Anthony Gonzalez at W.S.P). You exploited me being

sexually assaulted in violation of R.C.W 4.16.340 in your attempt to belittle me by yelling at the top of your lungs so everyone could hear you. I then told you I would call PREA on you for violating my confidentiality rights. You then yelled "Yeah, fuck you" & stormed away from door & off the tier & charged me $4 for being suicidal. Your failure to intercede in an active assault on me while I was in your care, harassment, verbal abuse/torture, slander of character, mental & verbal emotional abuse, violation of confidentiality, unethical conduct, violation of R.C.W 4.16.340, 5.60.060, 18.225.090, 18.130.160 (in concern to your failure to re-train after your illegal damage on Daniel J. Perez), exploitation, & intentional infliction of emotional harm, & attempted murder for intentionally encouraging me to committ suid suicide. You owe me $765,000 in damages for these damages.

    For all these damages you caused against me, you owe me a total balance of $765,000 with accordance to the uniform commercial code. I am giving you 30 days from the date of this letter to pay your debt in full. If you fail to pay your debt an affidavit of default will be issue against you. After that your refusal to pay will cause me to enter an affidavit of foreclosure 7 days later. If you continue to refuse to pay the debt then as notice you will force me to file an involuntary bankruptcy petition against you under chapter 7 in the United States Bankruptcy court.

    By failure to pay & or negociate with me will constitute your pacit agreement of the wavier of all

immunity & consent to judication by jury trail in
bankruptcy court,

I, Kyntrel Trevyone Jackson/Sinister
Daevayasnanam God swear under oath with the
penalty of perjury that all the above is true &
correct.

LEGAL MAIL

To:

From: Kyntrel Jackson/Sinister Daevayasnaham God

Date: April 26th, 2019
RE: Declaration of Robert Blevins # 324304

I, Robert Blevins hereby declare:
On 4-16-19, at Clallam Bay Corrections Center in
tha IMU around 12pm in tha afternoon, I over
heard inmate sinster down stairs In S house in
Green pod, declara a suicide emergency. Im
in C house upstairs and was able to hear
mental health Heidi Remero yell at tha top
of her lungs as sha was harassing Sinster
about being Suicidal, I was able to hear
Remero state that she would allow tha
C/o in tha booth to continue to assault
him. Inmate Sinster told Remero that sha
would "bill" her for not protecting him. At
that moment, Remero began harassing him about
being sexually assaulted in Washington State
Penitentiary. Inmate Sinster made it aware to
Remero, that she violated his patient confidentally
act. Afterwords I heard Remero scream "Fuck
off" as she left the tier. I Robert Blevins
Doc # 324304, felt overwhelmed over tha
Situation that happened and made it aware
I was need of Mental Health as I

declared I was feeling suicidal cuz I
was abused at Washington State Penitentiary
and feared for my safety in Clallam Bay
Corrections Center. I talk to Remero and
she has C/o's place me back in my cell.
At 6:15 pm I go to outside yard where
I experience mental Health break down
where I urinated in outside yard. After
my yard is up, I made it clear to C/o
that I'm feelin Suicidal... nurse evalutes
me and decided I need to go the COA.
I Robert Blevins DOC # 324304 declare that
these facts are true.

Robert Blevins
#324304

4-26-19
4:30 pm

To:

From: Kyntrel Jackson/Sinister Daevayasnaham God

Date: April 26ᵗʰ, 2019

RE: Declaration of Daniel Jarvis #839117

I, Daniel Jarvis hereby declare:

1) On Tuesday, April 16ᵗʰ, 2019 at/or around noon I inmate Daniel T. Jarvis #893117, housed in Clallam Bay Corrections Center's Intensive Management units in cell G-10 of F-unit was sitting in my cell reading my book when I heard inmate Kyntrel Jackson down in cell G-05 of F-unit declare a suicide emergency. Awhile later I heard the pod doors to G and H tiers of F-unit open so I got up and witnessed and heard the Mental Health lady come onto the tier, I know her to be Heidi L. Romero. I then heard Mr. Jackson speak with Ms. Romero, telling her he felt suicidal because he was being assaulted by the booth officer. I myself then looked towards the booth to see if I could see who was working in the booth but could not see who it was clearly enough to identify the officer. As I continued to listen I then heard Ms. Romero tell Mr. Jackson that she does not deal with mental health problems and began arguing with mr. Jackson about that on what she does and does not deal with. I then heard Mr. Jackson express his worries about the issue with the booth officer and re-explain the situation to her again and heard him say that if she fails to help him or protect him that he will bill her. I then heard Ms. Romero's voice raise even louder then it already was saying that she didn't care what the fuck he did, that it wouldn't work and that the current

if the officer was assaulting him or not. I also then heard Ms. Romero try and urge Mr. Jackson to go on ahead and kill himself, as well I heard her start to harrass him about his mental health issues, going so far as to harrass him about being sexually assaulted at Washington State Penitentiary and was laughing about it afterwards. I then heard Mr. Jackson get upset saying he'd file P.R.E.A. on Ms. Romero for violating his rights of confidentiality. After that I heard Ms. Romero get extremely mad at him, I then heard a bang, as though someone had hit a door, which I assumed was Ms. Romero hitting Ms. Jackson's door, and heard Ms. Romero yell "Fuck you you little piece of shit you can't file P.R.E.A. on me, I haven't touched you, so it's not going to work, so go ahead and kill yourself no ones going to come help you". I then heard and observed Ms. Romero storm off the tier and out the doors of F units G and H tiers. Ms. Romero was being pretty loud during this whole interaction with inmate Jackson, yelling most of this all out at the top of her lungs in the presence of all the inmate prisoners on G and H tiers of F unit, not at all being careful to keep her interaction with inmate Jackson private or in any way confidential being so indiscreet to the point that I myself could hear pretty much the whole conversation down in my cell at the end of the tier in the corner in cell G-10 of F unit while this was taking place. I personally have been here at Clallam Bay Corrections Center in the Intensive Management units on Imu program status for some time now and every interaction I've had with Ms. Romero, she has shown little care for her interaction with inmates, she personally has been rude to me, having a short temper and attitude and when talking with me it always seems like she's trying to rush me, she never takes notes of issues I express to her during her walk through cell front visits and I have to continually repeat myself as if she's not fully paying attention. Most all of my personal interactions with Ms. Romero have been negative and honestly believe someone with such a poor attitude should not work in a position where it's their job to be sympathetic and care for other individuals state of mental health.

Daniel T. Jarvis #893117

LEGAL MAIL

Affidavit of Billing

You, Heidi L Romero have incurred the following debt of $765,000. I do hereby swear & affirm that the above debtor owes me for the attached damages & I give the same debtor 30 days to pay this debt as it is due. Failure to pay will result in a affidavit of default, foreclosure, & then an involuntary bankrupty petition.

I swear under oath with the penalty of perjury that the foregoing is true.

Signed by:

Sinister Daevayasnaham God
Kyntrei T. Jackson

Notarized by:

Ian Erichson

My commission date expires:
2/4/2020

Date:
4/28/19

IAN ERICKSON
COMMISSION EXPIRES
NOTARY
PUBLIC
FEBRUARY 4, 2020
STATE OF WASHINGTON



U.S. Postal Service
**CERTIFIED MAIL® RECEIPT** FG05
Domestic Mail Only                    Jackson 355449

For delivery information, visit our website at www.usps.com®.

CLALLAN BAY, WA 98326

Certified Mail Fee  $3.50                              0510
$                                                        05
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00         Postmark
☐ Certified Mail Restricted Delivery $ $0.00         Here
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00
Postage
$                   $0.70
Total Postage and Fees                            04/29/2019
$                   $4.20

Sent To
Heidi Romero
Street and Apt. No., or PO Box No.
1830 Eagle Crest WAY
City, State, ZIP+4®
@. Clallam Bay    WA 98326

PS Form 3800, April 2015                    See Reverse for Instructions

7015 1520 0000 9149 3597

**LEGAL MAIL**

Mrs. Heidi Romero                                      May 27th, 2013

      I, Sinister Daevayasndiam God / Kyntrel Jackson hereby declare & affirm that you owe me $765,000. You had until May 27th, 2013 to pay the debt & you have not paid your debt as it becomes due. Therefore you are hereby in default.

      I, swear under oath with the penalty of perjury that all the above is true & correct.

Cordially,
    Sinister Daevayasnaham God
    Kyntrel T. Jackson

P.S       Pursuant to state law R.C.W. 60 title page if you refuse to provide with the FMV (Fair Market Value) of all your personal property before I file foreclosure & a lien against you for failure to pay your debt will force me pursuant to RCW 60.42.010 to place a FMV on your personal property as I see fit.

      Lastly is pursuant to Uniform Commercial Code 62A.9A I claim priority over all other exsisting possessory liens against you unless debt is owed by you to the IRS & only then if the IRS has served you a bill before April 28th, 2013.

Affidavit of Default

You, Heidi L. Romero have incured the following debt of $765,000. I do hereby declare, swear, & affirm that the above debtor owes me$ for damages & had 30 days from April 28th, 2019 to pay her debt. The above debtor has refused to pay her debt or negotiate payment as it became due. Your failure to pay your debt caused me to file default against you. Failure now to provide me with the FMV's of your property will result in a affidavit of foreclosure (& lien) in 7 days & then an involuntary bankruptcy petition.

I swear under oath with the penalty of perjury that the foregoing is true.

Signed by:
Sinister Daevayasnaham God
Kyntrel Trevyone Jackson

Notarized by:

My commission date expires
5-28-19 # F # 5-2 · 2-4-2020

Date:
5-28-19





Notice of Foreclosure

Heidi L Romero,                    June 3rd, 2019

You, Heidi Romero are hereby now in foreclosure & I am forcing you into involuntary bankruptcy because you refuse to pay your debt. I will be filling a U.C.C-1 Lien on you with the WA Department of Licensing to collect property & notifing the Clallam county auditor, recorder, & tresurer of your refusal to pay debt owed.

I, Sinister Daevayasnaham God/Kyntrel Jackson swear under oath with the penalty of perjury that all the above is true & correct.

Affidavit of Foreclousure

Heidi L. Romero,                              June 9th, 2019

I do hereby swear & affirm that the above debtor owes me $765,000 & has failed to pay debt, negociate debt payment, refused to respond to any & all bills sent to her via certified mail including default notice. All bills/default notices & affidavits were notarized before sent to the above debtor. The above debtor has been aware of her debt since around April 28th, 2019.

I swear under oath with the penalty of perjury that the foregoing is true.

Signed:

Sinister Daevayasnaham God
Kyntrel Trevyone Jackson

Notarized:

_____

My Commission date expires:
2/4/2020

Date:

6 / 9 / 19



Notice of Billing Invoice

Heidi L. Romero,                    May 26th, 2019

        This notice of billing invoice is being
presented to you, as to you have violated the law &
damaged me & others with retaliation, threats,
intimidation, & pretextual charges. Thus I am billing you as
accordingly for the damages you have caused me to
suffer.

1. On May 9th, 2019 (with confidental records
concerning mental health & sexual assault that you
released without good faith) you had I & I pull out
witnesses who wrote declarations against you &
intimedate/threaten them that if what they said was
true then you would charge them with extorsion &
other things including falsifing documents. They
were informed that if they changed their statements
& claimed that I handwrote them or told them word to
word what to write, that they would not be charged.
Rather than have I & I ask the witnesses what occured
to see if what they said would be consistant with the
confidental records you wrongfully released that they
wrote, you instead had I & I threaten, infract, charge,
take away their privigles, & other intimedation tactics
if they did not change their statements to help you. Then
on May 23rd, 2019 you had I & I pull me out & threaten
to infract for billing you pursuant to law & for talking
about my issue with you on April 16th, 2019 to other
people although everyone heard you yelling at me, &
then having them write willing declarations on the
illegal activity you committed on April 16th, 2019. I & I
informed me that because their (witnesses) declarations

LEGAL MAIL

were all similar to what we all wrote, that I must have told the witnesses what to write word for word. Yet this is false as to we all wrote what occured on April 16th, 2019 in our own words on the same exact issue, so clearly we all had similar information in our statements. Also you violated multiple state laws by releasing mental health & PREA records to non mental health individuals without just cause. Lastly is you infracted me for taking legal action against you in violation of the 1st amendment right to redress goverment officals without retaliation. You did this as an abuse of power in hopes to stop my legal actions against you. Your harassment, retaliation, threats, infractions, private nuissance, tampering with multiple witnesses, releasing confidental records, intimedation, unethical conduct, tortious conduct, threatening & intimedating a witness, slander of character, violation of numerous mental health laws, & first amendment violations toward me & witnesses. You owe me monatary damages in the amount of:

A. $35,000 for harassment
B. $17,000 for retaliation
C. $50,000 for threats against me
D. $175,000 for false infractions
E. $27,000 for private nuissance
F. $50,000 for tamper with witness Daniel Simms
G. $50,000 for tamper with witness Daniel Jarvis
H. $50,000 for tamper with witness Robert Blevins
I. $75,000 for releasing confidental records
J. $15,000 for intimedating me
K. $4,743 for unethical conduct
L. $23,000 for tortious conduct

LEGAL MAIL

M. $100,000 for threatening & intimedating witness Daniel Simms

N. $100,000 for threatening & intimedating witness Daniel Jarvis

O. $100,000 for threatening & intimedating witness Robert Blevins

P. $6,781 for slander of character

Q. $35,000 for violation of RCW 18.225

R. $75,001 for violating the 1st amendment

For all these damages you caused against me & my witnesses, you owe me a total balance of $1,001,525 in accordance to the Uniform Commercial Code. I am giving you 30 days from the date of this bill to pay your debt in full. If you fail to pay your debt an affidavit of default will be issued against you. After that your refusal to pay debt will cause me to enter an affidavit of foreclosure 7 days later. If you continue to refuse to pay the debt then as notice you will force me to file an involuntary bankruptcy petition against you under chapter 7 in the U.S Bankruptcy court.

By failure to pay & or negociate with me will constitude your pacit agreement of the waiver of all immunity & consent to judication by jury trial in bankruptcy court.

I, Kyntrel Jackson/Sinister Daevayasnaham God swear under oath with the penalty of perjury that all the above is true & correct.

Affidavit of Billings

You, Heidi L. Romero have incurred the following debt of $1,001,525. I do hereby swear & affirm that the above debtor owes me for the attached damages & I give the same debtor 30 days to pay this debt as it is due. Failure to pay will result in an affidavit of default, foreclosure, & then an involuntary bankruptcy petition.

I swear under oath with the penalty of perjury that the foregoing is true.

Signed by:

Sinister Daevayasnaham God
Kyntrel Jackson

Notarized by:

_Ian Erickson_
My commission date expires
2-4-2020

Date:

5-28-19

IAN ERICKSON
COMMISSION EXPIRES
NOTARY
PUBLIC
FEBRUARY 4, 2020
STATE OF WASHINGTON

Attachment    3
State Laws

Attachment    4

Transfer Plan/CFP - 4 pages

| State of Washington<br>Department of Corrections | Custody Review<br>Offender Version |
|---|---|

**Assigned Counselor:** Bannan, Barbara F

**Printed By:** Scott, Jeremy P
**Print Date:** 07/19/2019

## Inmate: JACKSON, Kyntrel Trevyone (355949)

| Gender: Male | DOB: | Age: 23 | Category:<br>Regular Inmate | Body Status: Active Inmate |
|---|---|---|---|---|
| RLC: HV | | | Custody Level:<br>Maximum | Location: CBCC-IMU — F / FB01L |
| ERD:<br>07/06/2029 | | | | CC/CCO: Bannan, Barbara F |

## Purpose of Review

| Purpose Of Review | Date Initiated |
|---|---|
| Plan Change | 06/06/2019 |
| Transfers | 06/06/2019 |

## Program Needs

Education

| GED/HSD: | Date Obtained: | Location: | Verified? |
|---|---|---|---|
| GED | 02/14/2018 | DOC | N |

Grade Point Equivalency

| Math: | Reading: |
|---|---|
| 6th | 9th |

Offender Needs (Needs Assessment Tool)

SEXUAL DEVIANCY

EDUCATION

COMMUNITY EMPLOYMENT

MENTAL HEALTH

FRIENDS

ALCOHOL / DRUG USE

RESIDENTIAL

COPING SKILLS

AGGRESSION

ATTITUDES / BEHAVIORS

Program Narrative

Narrative:

GCT Restoration Pathway Researched. Offender Has Lost The Following GCT: 5/4/2012 633 (60-Days); 9/27/12 508,600 (30-Days); 9/28/12 506,659 (60-Days); 3/19/13 554, 892 (90-Days); 2/1/2014 356,554,600 (30-Days); 3/30/14 734 (45-Days); 3/30/14 633 (60-Days); 10/6/14 506 (30-Days); 4/25/16 602 (30-Days) Not Eligible For 5 Years; 7/11/16 602 (60-Days) Not Eligible For 5 Years And 7/21/16 704,717 (60-Days) Not Eligible For 5 Years; 1/30/2019 633 (30 Days). Offender Has Lost A Total Of 585-Days GCT. Offender Can Apply For Restoration Of GCT Based On The Number Of Programs Successfully Completed While On IMS: ACT/MOC – 30-Days; CD TX – 20-Days; CBCP/AYP – 10-Days; GCT Will Be Restored Sequentially Beginning With The First Infraction Where GCT Was Lost (5/4/12 633 60-Days). In Order To Be Eligible To Apply For GCT Restoration The Offender Has To Be One Year

Infraction Free. GCT Restored Cannot Exceed The Amount Of GCT Lost During The Current Incarceration. -*Not Eligible For Restoration Until 1/31/2020.

Education/Employment Needs

**Education/Employment Need**
Needs Job Finding Skills And Support For Community Employment
Needs Basic Skills Preparation
Needs Vocational Training Program Of 6-12 Months

**Narrative:**
Jackson Was Terminated From A2A On 1/30/2018 But Has Been Placed Back Onto The List And Is Anticipated To Start In April. Completed His GED On 2/14/2018.

Programs

| **Program Name** | **Program Date** | **Program Status** |
|---|---|---|
| Getting It Right (GIR) | 05/09/2019 | Assigned |

*Started GIR*

## Custody Score

Current Custody

| | **Current Custody Score:** | 0 |
|---|---|---|
| Maximum | | |

Infraction Behavior

| **Infraction Behavior Score:** | 5 |
|---|---|

Program Behavior

| | | | **Program Behavior Score:** | 2 |
|---|---|---|---|---|

| Month | Year | Points | Non-Award Reason |
|---|---|---|---|
| July | 2018 | 0 | Offender Segregated |
| August | 2018 | 0 | Offender Segregated |
| September | 2018 | 0 | Offender Segregated |
| October | 2018 | 0 | Offender Segregated |
| November | 2018 | 0 | Offender Segregated |
| December | 2018 | 0 | Offender Segregated |
| January | 2019 | 0 | Offender Segregated |
| February | 2019 | 1 | |
| March | 2019 | 1 | |
| April | 2019 | 0 | Offender Segregated |
| May | 2019 | 0 | Offender Segregated |
| June | 2019 | 0 | Offender Segregated |

Detainers

| | | | **Detainer Score:** | 10 |
|---|---|---|---|---|
| | **Felony** | **ICE** | | |
| **Current** | No | No | | |
| **Potential** | No | No | | |

Escape History

|  | Escape History Score: | 15 |
|---|---|---|

**DOC**

| Escape Description | Month | Year |
|---|---|---|

**Calculated Custody**

|  | Custody Score: | 32 |
|---|---|---|
|  | Calculated Custody: | Close |

## Expectations

**Condition**

| Expectation | Frequency | Due Date | Complete |
|---|---|---|---|
| SOTP | As Available | 12/29/2026 | No |
| Obtain And Maintain MAX Level 4 | As Required | 12/29/2028 | No |
| Remain Infraction Free | As Required | 12/29/2028 | No |
| -Refrain From Participating In STG Activities. | On-Going | 12/29/2028 | No |

## LFO (Legal Financial Obligations)

| Cause | Amount |
|---|---|
| 121003968 | $3,543.66 |
| 121005097 | $2,289.99 |
| **Total:** | **$5,833.65** |

## Targeted Custody

| Targeted Date | Targeted Custody | Targeted Placement | Inmate Preferred Location |
|---|---|---|---|

## Disciplines

| Discipline | Other Discipline | Staff |
|---|---|---|
| Custody |  | Zavodny, Brian E |
| Intelligence / Investigations |  | Brady, Patrick E |
| Mental Health |  | Gillespie, Caroline |

## Comments/Recommendations

| Submit/Review Date | Name | Comments | Concur |
|---|---|---|---|
| 06/06/2019 | Irving, Leona L | (Offender) Jackson did not participate in the development of this plan. | |
| | | (Counselor) Prison admission 3/29/12 with current ERD of 7/6/29. Jackson was assigned Max custody 3/18/19 due to assault of another offender that occurred at another facility. 2 previous Max custody assignments due to similar behavior that has also helped to create safety concerns. He has demonstrated an inability to follow facility rules and currently poses a threat to the secure operation of CBCC-IMU-F (IMS). He has become fixated on and is harassing a CBCC staff member whose duties require their regular attendance and presence in the unit where he is housed. Separations at WSP-IMU-IMS and AHCC-R (unit), WSP-Main-R (quad); no current prohibitions and STG affiliations are noted. Recommendations: 1. Maintain Max custody. 2. Transfer to appropriate IMU. | |

| 06/06/2019 | Bannan, Barbara F | (FRMT) I concur with the MDT FRMT recommendation to 1. Maintain Max custody. 2. Transfer to appropriate IMU. Request for a prohibited placement for CBCC has been requested and is pending decision. | Yes |
| 06/10/2019 | Adamire, Vance W | Jackson has a history of violence towards staff when he becomes fixated on them. He is currently displaying a fixation on a staff whose duties require their presence in his assigned unit. This fixation on staff has impacted their ability to conduct their duties. Maintain MAX Custody and Transfer to another IMU. | Yes |
| 07/16/2019 | Pfaff, Ryan A | Jackson was assigned Max custody in March 2019 due to his assault on another offender. While assigned Max custody he has remained infraction free, is level 4 and was programing in GIR prior to being transferred from CBCC-IMU when he was fixated on a staff member. It is reported he has an infraction pending. He has 2 prior Max custody placements. Recommendation: Maintain Max, transfer to SCCC-IMU, maintain level 4 and complete GIR. | Yes |
| 07/19/2019 | Kaech, Casey M | 07/18/2019 MAX CUSTODY MDT: Maintain Maximum (MAX) Custody, Transfer to SCCC-IMU. Update BPP. Obtain and maintain level 4. Screen for appropriate programming and DBT. ATTENDEES: T. Thrasher-Assoc. Sup. SCCC- CHAIR; K. Bowen-OCML; D. Feist-CBCA; K. Neva-INV2; C. Kaech-SS; R. Pfaff-CS3; L. Fletcher-PS4; J. Smith- Project Manager; A. Deshev-CMHUS;J. Uglick- AA2; J. McCollum-CUS; G. Newman-CUS; J. Scott-CS3. | Yes |

## Assigned Custody

| Calculated Custody: | Assigned Custody: | Override Reason: | Override Narrative: |
|---|---|---|---|
| Close | Maximum | Intensive Management Status | Maintain Max Custody In Order To Complete All Requirements. |
| | Classification Status: | Completion Date: | Custody Assigned By: |
| | In-Effect | 07/19/2019 | Casey Kaech, Secretary Senior |

**DOC:** 355949    **Name:** JACKSON, Kyntrel Trevyone

Attachment    5

Grievance 19671601 - 1 page



**SENT COPY**

**JAN 24 2019**

WSP GRIEVANCE OFFICE

LOG I.D. NUMBER
#9671601

**OFFENDER COMPLAINT**

**CHECK ONE:**  ☒ Initial Grievance   ☐ Emergency Grievance   ☐ Appeal to Next Level   ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain <u>what</u> happened, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. You may use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:** Complaints must be filed within <u>20 working days</u> of the incident. Appeals must be filed within <u>5 working days</u> of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|-----------|-------|--------|------------|-----------------|-----------|
| Jackson | Kyntrel | Trevyone | 355949 | W.S.P | MH-Ø5 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: | STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|---|

**I WANT TO GRIEVE:** I am being retaliated against by IMU South C.U.S Scott Buttice, 2nd Shift Sergent John Bennett, CPM Steven Sundberg, & Tim Trasher over legal actions by them taking my property, leaving me in an empty cell for 8 plus hours, then moving me to IMU North without my T.V as I was level 4. This is clear retaliation & done with the intent to harass me over my legal actions. Once in north they made sure my cell MH-Ø5 had no table which shows their clear intent to burden my legal & grievance process. This affects me by causing me numerous undue burdens for no reason besides harassment.

This is a employee conduct grievance

**SUGGESTED REMEDY:**
Stop harassing me

Mandatory _Kyntrel Jackson_          _1-22-19_
               Signature                    Date

---

| **GRIEVANCE COORDINATOR'S RESPONSE** | Facility/Office WSP | Date Received 1-24-19 |
|---|---|---|

Your complaint is being returned because:
☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout (sheet) on _____
☐ Administratively Withdrawn _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed.
(See below.) Return within 5 working days or by: _____
☐ No rewrite received _____
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** You were moved to IMU North for your safety and until you are moved to close custody. The concerns for your safety arise from your repeated claims of retaliat by IMU South staff. Your housing is a classification decision and cannot be grieved.

| Coordinator's Name (print) J. Aiyeku CS2 | Coordinator's Signature | Date 1/25 2019 |
|---|---|---|

DOC 05-165 Front (Rev. 03/02/12)                                    DOC 310.100, DOC 550.100

Attachment    6
Attempt to appeal CFP-2 pages



**OFFENDER'S KITE**

Department of
**Corrections**
WASHINGTON STATE

*PAPELETA DE PETICIÓN DEL INTERNO*

| OFFENDER NAME (PRINT) *NOMBRE DEL INTERNO (LETRA DE MOLDE)* | | |
|---|---|---|
| Kuntrel Jackson | | |
| DOC NUMBER/*NÚMERO DOC* | FACILITY, UNIT, CELL/FACILITY IS INSTALACIÓN/*UNIDAD, CELDA* | DATE/*FECHA* |
| 355049 | IMU B-102 | 7-28-19 |

DESIRE INTERVIEW WITH OR ANSWER FROM/*DESEA ENTREVISTA CON O RESPUESTA DE*

Ad-Seg Scott (CFP Appeal)

☐ Interpreter needed for_____ (language).
☐ *Necesito intérprete para_____ (idioma).*

**REASON/QUESTION**
*RAZÓN/PREGUNTA*

I wish to appeal my CFP due to false allegations of me becoming fixated on a CBCC staff member (without an infraction) & being transfered from CBCC & forced to restart my OCP at SCCC over this. I did nothing wrong & simply filed proper & legal action against the CBCC employee. Thus I request that I be released from IMU to WCC-Cedar Hall.

SIGNATURE/*FIRMA*                     DAYS OFF/*DÍAS LIBRES*

**RESPONSE**
*RESPUESTA*

Please see Attached for Proper way to Appeal Classification

| RESPONDER/*PERSONA QUE RESPONDE* | DATE/*FECHA* |
|---|---|
| Albertson | 7-24-19 |

Distribution: **WHITE/YELLOW**-Responder, **YELLOW**-Return to Offender with Response, **PINK**-Offender keeps
*Distribución: BLANCA/AMARILLA-Persona que responde, AMARILLA-Devuelva al interno con respuesta, ROSA-Interno*
DOC 21-473 E/S (Rev. 05/23/13)                     DOC 390.585, DOC 450.500

If you wish to appeal Headquarters' classification decision, send a written notice via U.S. mail in an envelope clearly marked "Classification Appeal" to: Administrator – Classification and Case Management, P.O. Box 41149 Olympia, WA 98504-1149.

Note: Classification decisions cannot be appealed until AFTER Headquarters has made a classification decision. Offenders can appeal Custody assignment, NOT facility placement.

**Department of**
**Corrections**
WASHINGTON STATE

# *B102* **OFFENDER'S KITE**

## *PAPELETA DE PETICIÓN DEL INTERNO*

| OFFENDER NAME (PRINT) *NOMBRE DEL INTERNO  (LETRA DE MOLDE)* | | |
|---|---|---|
| Kuntrel Jackson | | |
| DOC NUMBER/*NÚMERO DOC* | FACILITY, UNIT, CELL/*FACILITY IS INSTALACIÓN UNIDAD, CELDA* | DATE/*FECHA* |
| 355049 | IMU B-100 | 8-2-19 |

DESIRE INTERVIEW WITH OR ANSWER FROM/*DESEA ENTREVISTA CON O RESPUESTA DE*

Ad-Seg Scott

☐ Interpreter needed for_____ (language).
☐ *Necesito intérprete para_____ (idioma).*

**REASON/QUESTION**
*RAZÓN/PREGUNTA*

As to HQ can't figure out what to do with me, I ask
if I can please provide input. Since January I have
not been infracted, have been good while here, & the
OCP class (Getting it Right) that I was actively
participating in, ends 8-2-19. I thus ask to please
be released to WCC-Cedar Hall, I am willing to be
released under contract & partake in a OCP class
out there. Please & Thank You

SIGNATURE/*FIRMA*                      DAYS OFF/*DÍAS LIBRES*

**RESPONSE**
*RESPUESTA*

You currently have pending infractions

HQ makes the final decisions regarding custody
level and next facility placement.

When you get to your next facility work
with your assigned counselor regarding the request abo

RESPONDER/*PERSONA QUE RESPONDE*          DATE/*FECHA*
Scott                                      8/6/19

Distribution:  **WHITE/YELLOW**-Responder, **YELLOW**-Return to Offender with Response, **PINK**-Offender keeps
*Distribución:* **BLANCA/AMARILLA**-*Persona que responde,* **AMARILLA**-*Devuelva al interno con respuesta,*
**ROSA**-*interno*
DOC 21-473 E/S (Rev. 05/23/13)                              DOC 390.585, DOC 450.500

Department of
**Corrections**
WASHINGTON STATE

*B102*

**OFFENDER'S KITE**

*PAPELETA DE PETICIÓN DEL INTERNO*

OFFENDER NAME (PRINT) *NOMBRE DEL INTERNO  (LETRA DE MOLDE)*

Kuntrel Jackson

| DOC NUMBER/*NÚMERO DOC* | FACILITY, UNIT, CELL/*FACILITY IS INSTALACIÓN/UNIDAD, CELDA* | DATE/*FECHA* |
|---|---|---|
| 355949 | IMU B-102 | 8-2-19 |

DESIRE INTERVIEW WITH OR ANSWER FROM/*DESEA ENTREVISTA CON O RESPUESTA DE*

C.U.S French

☐ Interpreter needed for_____ (language).
☐ *Necesito intérprete para_____ (idioma).*

**REASON/QUESTION**
*RAZÓN/PREGUNTA*

As to HQ is still trying to figure out what to do with
me & hopefully reviewing my appeal for release to
Cedar Hall, I also wish to make a plea with you. Since
my January infraction I have not been infracted, did
partake in GTB at Clallam Bay & the class I was in end
today 8-2-19, & my behavior here has been good. I thus ask
to please be released to WCC-Cedar Hall & partake in an OCP
there. I am willing to be released under contract.

SIGNATURE/*FIRMA*                    DAYS OFF/*DÍAS LIBRES*

**RESPONSE**
*RESPUESTA*

I understand but unfortunately WCC
IMU has no control over your
placement or classification.
You stated that you have already
appealed your classification decision
is that correct?

RESPONDER/*PERSONA QUE RESPONDE*          DATE/*FECHA*
                                          9-1-19

Distribution: **WHITE/YELLOW**-Responder, **YELLOW**-Return to Offender with Response, **PINK**-Offender keeps
*Distribución: **BLANCA/AMARILLA**-Persona que responde, **AMARILLA**-Devuelva al interno con respuesta,*
*        **ROSA**-Interno*
DOC 21-473 E/S (Rev. 05/23/13)                    DOC 390.585, DOC 450.500

Attachment  7

Appeal to HQ Classification – 2 pages

Dear HQ,                                    July 22nd, 2019

        I wish to appeal the false & slandering CFP
decision filed against me by CBCC employees
claiming I became fixated on a CBCC staff member
& claiming due to this (false) fixation that they desided
to remove me from CBCC & force me to fully
re-start my OCP class. What really happened is
on April 16th, 2019 illegal action was taken against
me by Psychology associate Heidi L. Romero (before
that date we had no prior incidents). Due to the illegal
actions taken against me, I took proper & legal
action pursuant to the Federal Rules of Bankruptcy
Procedure & sent a legal & notarized (by a CBCC
employee) Bill to Romero to pay the monatary
fines for the illegal acts she committed against me
(Attachment 1 is a true copy of the legal & notarized
documents I sent Heidi Romero which details the
issues that happened on 4-16-19). During the time of
April 16th, 2019 to current I never spoke, talked, &
even looked at Heidi L. Romero & simply stuck to
handling everything through the proper legal
channels. The only reason the court hasn't been
involved is because CBCC is/was denying me
the intital Bankruptcy petition forms which is
currently pending in Federal court in the Western
District, case No. 3:19-cv-05475-RBL-JRC. I have
continued to show respect towards all CBCC
staff & once an issue arose between me &

CBCC employee Romero rather than get violent as I use to do as a child, I desided to resolve the issue through the proper legal channels for the violations & illegal acts taken against me by Heidi L. Romero & if she believes she's inocent than she can dispute my claims in Bankruptcy court as to I will be pursuing legal action once I recieve the Bankruptcy forms.

Thus due to the above it was unfair for CBCC to remove me from my required programing in GIR which I was actively partaking in. They are now forcing me to re-start an entire OCP at SCCC which will result in extending my IMS program in isolation.

I thus respectfully ask to be released from IMU to WCC-Cedar Hall & partake in a class out there. Since my January 2019 infraction I have recieved no infractions since, did partake in GIR & only had one negative log entry for signing in April. Since January there have been multiple STG riots & due to the amount of people involved it would be best to release me as to I will do good in Cedar Hall.

Kyntrel Jackson/Sinister Daevayasnaham God

Attachment        8
Grievance 19683388 - 1 page

# Department of Corrections
WASHINGTON STATE

**LOG I.D. NUMBER**

**OFFENDER COMPLAINT**

**CHECK ONE:** ☒ Initial   ☐ Emergency   ☐ Appeal   ☒ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Jackson | Kuntrel | Treyvone | 355949 | WCC IMU | B-102 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: | STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|---|
| | | | | |

**COMPLAINT:** ~~and to provide staff names~~ I wish to appeal my July 19th, 2019 Custody Facility Plan (CFP) Classification & transfer. I was transferred to WCC on June 12, 2018 based off a CFP submitted on me for becoming fixated on, & harassing a CBCC staff member in which I was never recieved a hearing or notice on. The transfer decision was unconstitutional & a violation of my 1st Amendment rights to redress government without retaliation as to this false fixation is based on legal actions against Heidi L. Romero.

P.S) I filed a similar grievance under #19671601 where they said housing was a classification issue & non grievable but this is a grievance on facility placement & I don't know if this is the same.

**SUGGESTED REMEDY:**
Appeal my classification & release to general population at WCC cedar Hall

Mandatory ___Kuntrel Jackson___    ___7-29-19___
Signature                                    Date

---

| **GRIEVANCE COORDINATOR'S RESPONSE** | Facility/Office | Date Received |
|---|---|---|
| Your complaint is being returned because: | WCC IMU | 7/30/19 |

☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to call out (sheet) on _____.
☐ Administratively Withdrawn
☐ The formal grievance/appeal paperwork is being prepared.
☐ Not accepted

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting needed. (See below.)
   Return within 5 working days or by: _____
☐ No rewrite received _____.
☐ Sent to _____ (facility) on _____ (date).

**EXPLANATION:** Facility placement is a classification action & is not grievable.

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| Kerri McTarsney CSII | Kerri McTarsney | 7/30/19 |

DOC 05-165 Front (Rev. 07/2016)                    DOC 310.100, DOC 550.100

Attachment 9

Grievance 19683388 Appeal to HQ – 1 page

Dear Grievance Program Manager,                    August 2nd, 2019

        I filed grievance 19683388 on July 28th, 2019 & on July 30th, 2019 I recieved a responce back from CS2 Kerri McTarsney stating it wasn't a grievable issue because "Facility placement is a classification action & is not grievable". I wish to appeal this decision to you in good faith as an attempt to exhaust my admistrative remedies on this issue & due to I want to be 100% certain that D.O.C considers this a non grievable issue.


Respectfully,
        Sinister Daevayasnaham God

## IV.    RELIEF

*State exactly what you want the Court to do for you.  For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief.  Make no legal arguments.  Cite no cases or statutes.*

$500 per day in isolation past 8-5-19, payment of costs &
expenses, $19,000 for 38 days on isolation hold at WCC, $125,000
for 1st Amendment violation, $30,000 for 14th Amendment violation,
$15,000 for 6th Amendment violation, (See Attached)

## V.    SIGNATURE

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

August 5th, 2019
Dated

Sinister Daevayasnaham God (Kyntrel Jackson)
Plaintiff's Signature

IV. Relief Continued

$5,000 for payment of property transfers, return of all denied property due to transfer, $2,000 for each conspire against rights & state law violations, & Refer all defendants employeed with the Assistant Attorney Generals Office to the disciplinary committee at the Washington State Bar Association, payment of attorney fees.

We will notify the court of the day the plaintiff is released from isolation, so as to cap the $500 per day after August 9th, 2019.