UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYNTREL TREVYONE JACKSON, *also known as* SINISTER DAEVAYASNAHAM GOD, <br><br> Plaintiff, <br><br> v. <br><br> HEIDI ROMERO, et al., <br><br> Defendants. | CASE NO. 3:19-CV-05756-RBL-DWC <br><br> ORDER TO SHOW CAUSE OR AMEND |

Plaintiff Kyntrel Trevyone Jackson, also known as Sinister Daevayasnaham God, filed on August 14, 2019 a Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Plaintiff then filed on August 21, 2019 an Amended Complaint which the Court considers Plaintiff's operative complaint. Dkt. 6. Having reviewed and screened Plaintiff's Amended Complaint (Dkt. 6) under 28 U.S.C. § 1915A, the Court declines to serve the Amended Complaint because Plaintiff has not demonstrated how each of the Defendants personally harmed him. However, the Court provides Plaintiff leave to file an amended pleading by September 30, 2019 to cure the deficiencies identified herein.

ORDER TO SHOW CAUSE OR AMEND - 1

## I. Background

In his Amended Complaint, Plaintiff, an inmate at Stafford Creek Corrections Center, alleges that his constitutional rights were violated when he was incarcerated in the Clallam Bay Corrections Center. Dkt. 1. Plaintiff alleges that Defendants retaliated against him by deciding not to release him from an Intensive Management Unit into the general population after he filed a federal bankruptcy claim against prison psychology associate Heidi Romero. Dkt. 1, p. 2, Dkt. 6, p. 2. Plaintiff alleges that after filing this claim, Ms. Romero, Mr. Patrick Brady, and Ms. Barbara Bannan acted to intimidate him and witnesses who could support his claim. Dkt. 1-1, p. 10, Dkt. 6, pp. 9-10.

Plaintiff argues that on June 6, 2019, Leona Irving, Mr. Brady, Ms. Bannan, and Ms. Romero, "with input from" Douglas Wayne Carr, John Coulter Dittman, Timothy Lang, met and decided that Plaintiff was fixated on Ms. Romero and that his behavior towards her constituted a threat to the secure operation of the prison. Dkt. 1-1, p. 10, Dkt. 6, p. 10. Plaintiff contends that the findings of this meeting were "submitted to" Vance Adamire. Dkt. 1-1, p. 10, Dkt. 6, p. 10. Plaintiff contends that he was unaware of this meeting and did not have an opportunity to dispute the decision, and that as a result he was placed in isolation for 38 days. Dkt. 1-1, p. 10, Dkt. 6, p. 10.

Plaintiff contends that on July 19th, 2019, Ryan Pfaff, Casey Kaech, Timothy Thrasher, Steven Sinclair, Kevin Bowen, D. Feist, L. Fletcher, J. Smith, A. Deshev, and J. Uglick, "with input from" Douglas Wayne Carr, John Coulter Dittman, and Timothy Lang decided that he posed a threat to the prison based on his claims. Dkt. 1-1, p. 10. Dkt. 6, p. 10.

Plaintiff alleges that these actions constitute a violation of his First Amendment right against retaliation, his Sixth Amendment right to a hearing, and his Fourteenth Amendment due

process rights. Dkt. 1, p. 14 Dkt. 6, p. 14. Plaintiff also alleges violation of his rights under Washington State law. *Id.* Plaintiff seeks monetary damages. Dkt. 1-1, p. 63, Dkt. 6, p. 58.

**II.     Discussion**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. International Business Machines Corp*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Here, Plaintiff does not explain how each Defendant violated his constitutional rights. He has properly described the personal participation of Defendants Heidi Romero, Patrick Brady, Barbara Bannan, Vance Adamire, Ryan Pfaff, Casey Kaech, Timothy Thrasher, Steven Sinclair, Kevin Bowen, D. Feist, L. Fletcher, J. Smith, A. Deshev, and J. Uglick.

However, Plaintiff has not specifically explained what the remaining named Defendants actually did to violate Plaintiff's constitutional rights. For instance, Plaintiff makes the conclusory allegation that the decisions leading to the deprivation of his constitutional rights were made "with input from" Douglas Wayne Carr, John Coulter Dittman, Timothy Lang, but does not specify what these individuals did to violate his rights. Dkt. 1-1, p. 10. Dkt. 6, p. 10. Plaintiff also lists several other individuals in his claim, including C. Stone, S. Lohenis, J. McCollum, Patty Willoughby, Kelli J. McKinney, Clinton Gouthier, John Thompson, and J. Scott. Dkt. 1-1, pp. 5-6, Dkt. 6, pp. 5-6. Plaintiff has not explained how any of these individuals

violated his constitutional rights. Therefore, the Court declines to serve Plaintiff's Amended Complaint. Plaintiff is directed to file an amended complaint that alleges claims only against defendants who have allegedly violated his constitutional rights. Plaintiff must explain how each named defendant personally participated in the alleged constitutional violations.

### III.     Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve the Plaintiff's Amended Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) *exactly what the individual did or failed to do*; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Amended Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before September 30, 2019, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 30th day of August, 2019.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge