UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYNTREL TREVYONE JACKSON,

        Plaintiff,

v.

HEIDI L. ROMERO, et al.,

        Defendants.

CASE NO. 3:19-CV-5756-BJR-DWC

REPORT AND RECOMMENDATION

Noting Date: December 11, 2020

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Kyntrel Trevyone Jackson to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's "Motion for Preliminary Injunction and Appointment of Counsel."[1] Dkt. 65 (hereinafter "Motion").

Also pending is Defendants' Motion to Dismiss, which is currently noted for the Court's consideration on January 8, 2021. Dkt. 61, 69.

---

[1] Plaintiff has filed nearly identical motions in four other cases pending in this Court. *See Jackson v Patzkowski, et al.*, 18-cv-01508-RSM-MLP; *Jackson v. Berkey, et al.*, 20-cv-05016-BHS-DWC; *Jackson v. Thrasher, et al.*, 3:19-cv-06101-BHS-DWC; and *Jackson v. Sinclair, et al.*, 20-cv-05017-BHS-JRC.

REPORT AND RECOMMENDATION - 1

1  The Court concludes Plaintiff has not demonstrated any threat of irreparable injury.

2  Accordingly, the Court recommends the Motion be denied.

## BACKGROUND

4  Plaintiff, who is currently housed at Washington Corrections Center ("WCC"), alleges

5  Defendants violated his constitutional rights while housed at Clallam Bay Corrections Center

6  ("CBCC") and transferred to Stafford Creek Corrections Center ("SCCC"). *See* Dkt. 59.

7  Specifically, Plaintiff alleges retaliation and denial of equal protection and due process with

8  respect to his transfer. Dkt. 59.

9  On October 28, 2020, Plaintiff filed the Motion (via United States mail as a paper filing),

10  arguing since September 21, 2020, Plaintiff has not received any of the Court's electronic filings

11  and has been denied the right to electronically file any documents at WCC. Dkt. 65. Plaintiff

12  alleges he has been "ignored" by the WCC law librarian, Defendant John Thompson. Dkt. 65 at

13  1. Plaintiff also requests the appointment of counsel "due to the inability to conduct legal

14  proceedings at WCC." Dkt. 65 at 2.

15  On November 13, 2020, Defendants filed a Response opposing the Motion. Dkt. 66, 67.

16  Plaintiff has not filed a reply. *See* Dkt.

## DISCUSSION

18  Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

REPORT AND RECOMMENDATION - 2

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In the context of preliminary injunctive relief, irreparable harm is established when a plaintiff is unlikely to be made whole by an award of monetary damages or some other legal remedy at a later date, in the ordinary course of litigation." *Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) (citing *California Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851–52 (9th Cir. 2009)). Plaintiff must demonstrate real and immediate threat of future injury; past injury is largely irrelevant. *See O'Shea v. Littleton*, 414 U.S. 488, 496 (1974); *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

1       The allegations in Plaintiff's Motion implicate his right of access to the courts. In *Lewis*
2 *v. Casey,* 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a
3 constitutionally protected right to access the courts to bring civil rights actions to challenge their
4 conditions of confinement and to bring challenges to their criminal convictions. *Lewis v. Casey,*
5 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but
6 rather the conferral of a capability—the capability of bringing contemplated challenges to
7 sentences or conditions of confinement before the courts." *Id.* at 356. To prevail on a matter that
8 implicates the right of court access, plaintiff must present evidence that defendants by their acts
9 could cause him to lose an actionable claim of this type. *Id.*

10       Defendants argue preliminary injunctive relief is uncessary and unwarranted. Dkt. 66. In
11 opposition to the Motion, Defendants have presented evidence that between September 21, 2020
12 and October 30, 2020, Plaintiff has not been denied access to the Court's electronic filing
13 system. Dkt. 66, 67, 68. Defendants submit logs identifying numerous dates on which Plaintiff
14 used the WCC electronic filing system to either file or receive documents during the time at
15 issue. *See* Dkt. 67, *Decl. of Raymond Brandt,* 4, 10, 20, 30, 41-43; Dkt. 68, *Decl. of Yvonne*
16 *Brumfield*, 4-5, 9, 15, 25, 35, 46. For example, Defendants submitted a log identifying the
17 documents Plaintiff received, cases in which the documents were filed, and dates upon which
18 Plaintiff received each document. Dkt. 68, *Decl. of Brumfield,* Attachment A; Attachment B (list
19 of documents hand-delivered to Plaintiff); Attachment C (Plaintiff's library call outs from
20 September 21, 2020 to October 30, 2020). Defendants also submitted evidence indicating Mr.
21 Brandt delivered numerous documents directly to Plaintiff and Plaintiff initialed the first pages
22 of the ECF notices acknowledging his receipt. Dkt. 67, *Decl. of Brandt,* Attachments A (signed
23 ECF notices) and Attachment B (list of documents delivered to Plaintiff and Plaintiff's initials
24

REPORT AND RECOMMENDATION - 4

and signature acknowledging receipt). Thus, the evidence tendered by Defendants belies Plaintiff's allegations to the contrary. Moreover, Plaintiff has not demonstrated he is faced with a significant threat of irreparable harm in the absence of the requested relief. The Court has granted Plaintiff an extension of time to respond to Defendants' Motion to Dismiss (Dkt. 61), which is the only other pending motion in this matter. *See* Dkt. 69. Therefore, even if Plaintiff had been denied access to the Court's electronic filing system, Plaintiff has not demonstrated an immediate threat of substantial irreparable injury.

Because Plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' *Winter,* 129 S.Ct. at 374, [the Court] need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

## CONCLUSION

Accordingly, the Court recommends the Motion (Dkt. 65) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on December 11, 2020, as noted in the caption.

Dated this 20th day of November, 2020.

David W. Christel
United States Magistrate Judge