UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYNTREL TREVYONE JACKSON,<br><br>         Plaintiff,<br> v.<br><br>HEIDI L. ROMERO, et al.,<br>         Defendants. | No. 3:19-CV-5756-BJR-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF COUNSEL |

  This matter comes before the Court on a Report and Recommendation of Magistrate Judge David W. Christel on Plaintiff's Motion for Preliminary Injunction and Appointment of Counsel. No objections to the Report and Recommendation have been filed. Having reviewed the Report and Recommendation, the materials filed by the parties in support of and in opposition to the motion, and the balance of the record, the Court finds and ORDERS as follows:

  (1) The Court ADOPTS the Report and Recommendation (Dkt. No 70).

  (2) Plaintiff's request for a preliminary injunction (Dkt. No. 65) is DENIED for the reasons set forth in the Report and Recommendation.

  (3) Plaintiff's request for appointment of counsel, which Plaintiff included in the pending motion (Dkt. No. 65 at 2), is also DENIED**.** The Court finds that appointment of counsel for Plaintiff is not warranted for the reasons set forth below.

1

In the pending motion, Plaintiff requested appointment of counsel based on his alleged inability to conduct legal proceedings at the Washington Corrections Center (WCC).  Dkt. No. 65 at 2.  However, as the Report and Recommendation notes, Defendants have offered evidence indicating that Plaintiff has been able to access the Court's electronic filing system at WCC and that numerous documents have been delivered directly to him at WCC.  Dkt. No. 70 at 4-5. Plaintiff has not offered evidence to dispute Defendants' evidence, nor has he objected to the finding in the Report and Recommendation that "the evidence tendered by Defendants belies Plaintiff's allegations to the contrary."  Dkt. No. 70 at 5.  As a result, Plaintiff has not demonstrated that appointment of counsel is necessary due to an inability to conduct legal proceedings at WCC.

Plaintiff also has not demonstrated that appointment of counsel is warranted by exceptional circumstances.  *See Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (noting that under 28 U.S.C. § 1915(e)(1), appointment of counsel for a person proceeding *in forma pauperis* is granted only in exceptional circumstances).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  On the record before the Court, Plaintiff has not demonstrated a likelihood of success on the merits of his claims. The motion before the Court does not address the merits of Plaintiff's claims, but instead focuses on his allegations regarding barriers in litigating this case at WCC.  In addition, a review of the record indicates that the legal issues in this case are not overly complex, and that Plaintiff is quite capable of

articulating his claims as a *pro se* litigant.  Therefore, the Court concludes there are not exceptional circumstances to warrant appointment of counsel for Plaintiff.

(4)  The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable David W. Christel.

Dated this 28th day of January, 2021.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge